In re BORGEFELDT et al.

(Circuit Court, S. D. New York. December 6, 1894.)

No. 1,005.

CUSTOMS DUTIES—MAGIC-LANTERN SLIDES.
　　Slides designed for use in magic lanterns, for the amusement of children, are toys, and dutiable as such, under paragraph 436 of the tariff act of October 1, 1890.

Appeal by importers from the decision of the United States board of general appraisers.

The merchandise consisted of magic-lantern slides, being two pieces of glass about two inches wide by seven inches long, joined by a paper border pasted around the outer edge, upon the inner surface of one of which there are colored designs of persons, animals, etc., intended for use in a magic lantern to throw enlarged pictures upon a wall or plain surface, and suitable for no other purpose, and were imported separately from the lanterns. These goods were classified by the collector as manufactures of glass dutiable at the rate of 60 per cent. ad valorem under paragraph 108 of the act of October 1, 1890; the importers claiming that the same were dutiable at the rate of only 35 per cent. ad valorem under paragraph 436 of said act as toys. Upon taking the case to the board of general appraisers, the decision of the collector was affirmed, the board holding that in the condition as imported the articles were not toys for the amusement of children, whereupon the importers appealed. The evidence taken in the case, after the return of the board, tended to show that the pictures on the slides represented animals, birds, and such subjects as "Red Riding Hood," etc.; that they were adapted for use in magic lanterns for the amusement of children; that they were bought and sold in the toy trade, and used for no other purpose except for the amusement of children, and not for scientific purposes, and that commercially they are known as toys, both when sold together with, or separately from, the magic lantern.

Everit Brown, for importer.

W. C. Low, Asst. U. S. Atty., for collector.

Contended that the slides were not in fact toys, of themselves, in the condition in which they were imported, but only parts of toys, a magic lantern being necessary to the completed toy; that the act of 1890 made no provision for parts of toys, but only for toys as a completed article, and that they were properly assessed for duty as "manufactures of glass," in the precise condition in which they were imported; citing U. S. v. Schoverling, 146 U. S. 81, 13 Sup. Ct. 24; Robertson v. Gerdan, 132 U. S. 454, 10 Sup. Ct. 119; Isaacs v. Jonas, 148 U. S. 653, 13 Sup. Ct. 677.

COXE, District Judge (orally). The question in this cause is one of fact, whether or not slides designed for use in magic lanterns, for the amusement of children, are toys. It seems to me that upon the new evidence taken in this court there can be no doubt that they are toys. It is contended on behalf of the collector that something additional has to be done to make them effective as toys. I fail to see how that changes their character in the least. It is true that they have to be put through a magic lantern; it is true that the lantern has to be lighted, and it is also true that a room has to be darkened before the shadow which is thrown upon the wall is made effectual for the amusement of children, but none the less these are toys, just as the sticks that make the noise on the mimic drum are

toys. It would hardly do to say that such a drum was not a toy because there were no sticks with it, or vice versa. I shall hold, therefore, that upon the new evidence these importations are toys. The decision of the board of general appraisers is reversed.